IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| J. ANGELO BARNES, #282-805, | * | |
| Petitioner | | |
| | * | |
| v. | | CIVIL ACTION NO.  AMD-05-2943 |
| | * | |
| JON P. GALLEY, et al., | | |
| Respondents | * | |

\*\*\*\*\*\*

MEMORANDUM

On October 24, 2005,[1] petitioner J. Angelo Barnes[2] filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for forgery and felony theft entered against him in 1998 by the Circuit Court for Wicomico County.  Paper No. 1. On December 28, 2005, respondents filed a response  solely addressing the timeliness of petitioner's application. Paper No. 11. Petitioner was given an opportunity to file a reply to the answer to explain why the petition should not be dismissed as untimely. Petitioner has filed a response.[3] Paper No. 12.

Procedural History

Petitioner entered a guilty plea to the charges of forgery and felony theft on December 22, 1998, in the Circuit Court for Wicomico County.  Paper No. 11, Ex. 1.  He was sentenced on March 12, 1999, and noted an appeal on March 17, 1999.  *Id.* Ex. 1 and 2. The Maryland Court of Special Appeals entered an order advising petitioner that it was treating his notice of appeal as an application

---

[1] The petition was received by the court on October 26, 2005.  For purposes of assessing the timeliness of the petition, the court treats the petition as having been filed on the date it was delivered to prison officials. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

[2] The Clerk is directed to amend the docket to reflect the correct name of petitioner: J. Angelo Barnes.

[3] The court is also in receipt of two motions to amend filed by petitioner. Paper Nos. 4 and 7. The motions shall be granted. Petitioner's motion for reconsideration of this court's order denying his request for appointment of counsel (Paper No. 6) is denied. Petitioner has provided no substantial reason to alter the previous decision on that score.

for leave to appeal. The court ordered petitioner to file, on or before July 22, 1999, a supplement to the application for leave to appeal that complied with the Maryland Rules. *Id.* Ex. 2. On August 11, 1999, petitioner's application for leave to appeal was dismissed based on petitioner's failure to file the supplement. *Id.*, Ex. 3. The court's mandate issued on September 13, 1999. Accordingly, petitioner's conviction became final on September 13, 1999. *See* Md. Code Ann., Cts. & Jud. Proc. 12-302 (2002 Repl. Vol.).

On September 4, 2001, petitioner instituted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. On May 28, 2002, a hearing was held on the post conviction petition. At the hearing, petitioner withdrew the allegations contained in the post conviction petition in exchange for the right to file a belated motion to modify sentence. *Id.*, Ex. 1.

On February 19, 2004, petitioner filed a second petition for post conviction relief which was treated by the circuit court as a motion to re-open post conviction proceedings. *Id.*, Ex. 1. On March 18, 2004, the circuit court denied petitioner's motion to re-open. Petitioner filed an application for leave to appeal that decision, which was summarily denied on May 6, 2005, by the Court of Special Appeals. The court's mandate issued on June 6, 2005. *Id.*, Ex. 1, 4 and 5.

Analysis

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C.

2

§ 2244(d).[4]  This one year period is, however, tolled while properly filed post conviction proceedings

are pending and may otherwise be equitably tolled.  see 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*,

209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on September 13, 1999. *See* 28 U.S.C. § 2244(d)(1)(A);

Md. Code Ann., Cts. & Jud. Proc. 12-302 (2002 Repl. Vol.). Between September 13, 1999, and

September 3, 2001, the date on which petitioner instituted state post conviction proceedings,

petitioner had proceedings pending which would have served to toll the one year limitation period.[5]

*See* 28 U.S.C. § 2244(d)(2).  Likewise, from the withdrawal of petitioner's first state post conviction

proceeding on May 28, 2002, to the filing, almost twenty-one months later, of his motion to re-open

post conviction proceedings on February 19, 2004, he had no proceedings pending which would

have tolled the one year limitation period. Furthermore, he did not have any proceedings pending

---

[4]This section provides:
> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5]At the time petitioner initiated state collateral proceedings, the one year limitations period within which he was required to challenge his convictions in this court had already expired.

that would have tolled the limitations period from June 7, 2005, to the filing of the instant case in October 2005.

Petitioner claims that any delay in filing the instant case has not been prejudicial to the state. Paper No. 12. He further claims that circumstances beyond his control caused the delay. Specifically, petitioner alleges that he did not receive the September 13, 1999, mandate from the Court of Special Appeals until May 21, 2003, and that he labored under the false impression that the Office of the Public Defender was representing him on appeal.  He also claims that he did not know of the existence of the June 22, 1999, Order to Supplement entered by the Court of Special Appeals until respondents filed their answer in this case.[6]  He posits that the Order was lost in the mail when it was sent to petitioner's attorney.  Lastly, he claims that the delay by the state in providing him transcripts of his proceedings prevented his timely discovery of the constitutional errors which occurred in his case.  *Id.*

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  The question of whether equitable tolling applies hinges on the facts and circumstances of each  particular case. *See id.* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: (1) where the respondent's  acts prevent the petitioner from asserting the claim; or (2)  where extraordinary circumstances, beyond the petitioner's control,

---

[6]Petitioner points to confusion on his part as to whether the Office of the Public Defender was representing him on appeal. Attached to his response to respondent's answer, however  is  a copy of correspondence dated May 13, 1999, from the Office of the Public Defender to petitioner which states: "Your Application for Leave to Appeal was filed March 17, 1999. The Public Defender's Office doe not provide representation in this type of proceeding." Paper No. 12.  The undersigned fails to see how this point could have been communicated more clearly.

prevent petitioner from filing a timely claim. *See id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Equitable tolling of the federal habeas limitation period is available only when the principle of equity would make the rigid application of a limitation period unfair. Equity is not available, however, to a party who fails to act with diligence. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"). Petitioner has failed to explain his nearly four year delay in learning that his appeal had been dismissed. Even if, as petitioner maintains, he did not receive a copy of the dismissal from the Court of Special Appeals, petitioner has failed to state what, if any, efforts he made to learn of the status of his case, particularly in light of the May 13, 1999, letter from the Office of the Public Defender, which stated *unequivocally* that the Public Defender did not represent him in the application for leave to appeal his guilty plea. At bottom, petitioner does not claim that he made any specific efforts to file the instant application within the established limitations period; rather, he focuses on his efforts to proceed through the state courts.

Plaintiff's stated lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable toling where the delay in filing was the result of plaintiff's unfamiliarity with legal process or his lack of legal representation). Nor is his claim of attorney error a basis for equitable tolling. Attorney error is simply not an "extraordinary circumstance." *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999)(lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for

equitable tolling).  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  *Harris*, 209 F. 3d at 331.

### Conclusion

For the reasons set forth, an Order will be entered denying the petition as time barred under 28 U.S.C. § 2244(d).


Filed: February 28, 2006                                    _/s/_____
                                                           Andre M. Davis
                                                           United States District Judge